IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                         |     |                              |
|-----------------------------------------|-----|------------------------------|
| LESTER D. FLETCHER,                     | *   |                              |
|                                         | *   |                              |
| Plaintiff,                              |     |                              |
|                                         | *   |                              |
| v.                                      |     | Civil Action No. PX 15-3897  |
|                                         | *   |                              |
| ASHTON BALDWIN CARTER,                  |     |                              |
| Secretary of Defense, *et al.*,         | *   |                              |
|                                         |     |                              |
| Defendants.                             |     |                              |

******

## MEMORANDUM OPINION

Pending in this employment discrimination case is *pro se* Plaintiff's "Motion to Strike Defendants' Improper and Untimely Motion to Dismiss the Amended Discoveries Designations and Untimely Objections and Counter-Designations" (ECF No. 33) and Defendants' motion to dismiss the amended complaint, or in the alternative, for summary judgment (ECF No. 18). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the reasons stated below, Plaintiff's motion is DENIED and Defendants' motion is GRANTED.

## I.    BACKGROUND[1]

### A.  Factual Background

Plaintiff Lester Fletcher ("Plaintiff") was employed part-time as a Store Associate Worker at the Defense Commissary Agency's (the "Agency") commissary store located at Andrews Air Force Base in Prince George's County, Maryland from 2008 until his "involuntary

---

[1] Unless otherwise noted, the facts here are construed in the light most favorable to the Plaintiff, the nonmoving party.

termination" in June or July of 2011.[2] ECF No. 16 at 2–3. Plaintiff's position was on the General Schedule at Grade-4. *Id.*

In August 2008, Plaintiff was temporarily assigned to work in the Meat Department under a rotational program for Store Associates called the Workforce of the Future Program. ECF No. 18-2 at 72. The employees who were hired as meat cutters were paid on the wage grade scale. *See* ECF No. 18-2 at 67.

In July of 2009, Plaintiff alleges that he filed multiple grievances regarding his training, hours, lack of promotions, unsanitary handling of products, and hostile work environment for him and his co-workers. ECF No. 16 at 4–5. Plaintiff alleges that in retaliation for these grievances and his contact with the EEO, his training credit went unrecorded from his year working in the meatpacking department. ECF No. 16 at 8.

On July 7, 2009, The Agency posted a job announcement for a Computer Assisted Ordering Clerk. ECF No. 16 at 3. Plaintiff applied but was not selected for the position; instead, two female employees hired and an additional position was created for a third female. ECF No. 16 at 7. Plaintiff was also denied a promotion to a full-time position, and according to Plaintiff only women received full-time schedules. ECF No. 16 at 3, 7.

In May 5, 2009, Plaintiff was absent from work due to two car accidents. When he returned to work on June 10, 2009, he provided a letter from his doctor informing Defendant of his injuries. Thereafter, Plaintiff suffered from panic attacks and depression. ECF No. 16 at 8. Plaintiff later supplemented his medical information and requested to be moved from the meat department to accommodate his medical condition. ECF No. 16 at 3, 8.

---

[2] The Defense Commissary Agency was established pursuant to the authority of Department of Defense Directive 5105.55, March 12, 2008.

In May 2010, Plaintiff alleges that his doctors warned him that stress had been

compromising his health. ECF No. 16 at 6. On November 23, 2010, Plaintiff took medical leave

to address his ongoing battle with stress. ECF No. 18 at 6. Plaintiff then requested in January

2011 that his leave be extended. His supervisor refused this request. ECF No. 18 at 16. Plaintiff

was terminated from his position with the Agency on June 10, 2011. ECF No. 18 at 6. According

to Plaintiff, he was purportedly terminated because of his "failure to maintain a regular work

schedule" and a "medical inability to perform his job." ECF No. 18 at 6. Plaintiff also contends

that throughout his time with the Agency, he was called a "'crybaby' and 'tar baby' and [other

employees] created speculations of sexuality when referring to Mr. Fletcher." ECF No. 16 at 3.

In the spring of 2012, the Agency suspended Plaintiff's unemployment insurance

benefits, citing "gross misconduct of absences." ECF No. 18 at 6. Plaintiff successfully

challenged his suspension of benefits with the "Board of Appeals" and the Board ruled against

the Agency and found Plaintiff was "discharged due to absences which were beyond his

reasonable control." ECF No. 18 at 6.

## B.  Procedural History

Plaintiff first contacted an EEO Counselor on January 13, 2009, and filed a formal EEO

complaint on April 15, 2010. ECF No. 18-2 at 32.[3] *Id.* The EEO investigator identified the

following adverse events as potentially the result of gender discrimination:

> (1) On or about September 13, 2009 [Plaintiff was] not selected for
> the position of Computer Assisted Ordering Clerk . . . .
> (2) On or about February 23, 3010 [Plaintiff's] work schedule was
> changed without any notice.
> (3) On or about February 23, 2010 [Plaintiff was] not paid under
> the Wage Grade pay system like [his] coworkers in the Meat
> Department.

[3] The record also inconsistently provides that Plaintiff first initiated contact with an EEO Counselor on March 1, 2010, ECF No. 18-2 at 24, and March 3, 2010. ECF No. 18-2 at 8. The Court will apply the January 13, 2010 date.

(4) On or about February 23, 2010 [Plaintiff was] improperly reassigned to other departments in the commissary.
(5) On or about February 23, 2010, [Plaintiff] was improperly trained under the Workforce of the Future (WOF) program.

ECF No. 18-2 at 32. The first issue, Plaintiff's September 2009 non-selection for the clerk position, was dismissed as untimely made pursuant to 29 C.R.F. § 1614.107(a)(2). ECF No. 18-2 at 32.[4] The other four issues were accepted for investigation. *Id.* Prior to the conclusion of the investigation, the EEO complaint was amended to include reprisal for his EEO activity as an additional basis for his complaint. ECF No. 18-2 at 64.

After the agency investigated and issued a Report of Investigation, *see* ECF No. 18-2, Plaintiff requested a hearing before an administrative law judge at the United States Equal Office of Employment Opportunity ("EEOC"). ECF No. 18-3. The issues for the hearing included whether The Agency discriminated against Plaintiff on the basis of his gender and in reprisal for prior EEO activity when:

(1) In August 2009, he was denied a promotion to full-time work;
(2) He was not paid under the wage grade pay system like his co-workers;
(3) He was improperly reassigned to other departments in the commissary;
(4) He was improperly trained under the Workforce of the Future Program (WOF);
(5) On or about February 23, 2010 his work schedule was changed without any notice.

ECF No. 18-4. On March 29, 2013, the administrative law judge issued a decision from the bench in favor of the Agency, and concluded that Plaintiff "failed to prove, by a preponderance

---

[4] Plaintiff also sought to have his EEO complaint amended to add an issue of discrimination related to non-selection for the position of Commissary Contract Monitor, GS 1101-05. ECF No. 18-2 at 34. On June 29, 2010, this issue was dismissed in accordance with 29 C.F.R. Part 1614.107(a) (1) for failure to state a claim because Plaintiff did not apply for the position when it was re-advertised. ECF No. 18-2 at 34.

of the evidence, that the agency unlawfully discriminated against on the bases of his gender or in

reprisal for prior EEO activity." ECF No. 18-4 at 38.

Plaintiff then appealed the administrative law judge's decision to the EEOC's Office of

Federal Operations ("OFO"), which upheld the Agency's decision on September 17, 2015. ECF

No. 18-5. The OFO also noted that plaintiff attached an Unemployment Insurance Appeals

Decision issued by the Maryland Department of Labor and dated February 29, 2012, as

purported evidence that the Agency's decision to terminate him due to his absenteeism should be

overturned. ECF No. 18-5 at 5. However, the OFO noted that "the issue of wrongful termination

was not presented in this case." *Id.*

On September 17, 2015, the OFO mailed to Plaintiff its decision. ECF No. 18-5 at 9. The

decision notified Plaintiff that:

> You have the right to file a civil action in an appropriate United
> States District Court **within ninety (90) calendar days** from the
> date that you receive this decision. If you file a civil action, you
> must name as the defendant in the complaint the person who is the
> official Agency bead or department head, identifying that person
> by his or her full name and official title. Failure to do so may result
> in the dismissal of your case in court. "Agency" or "department"
> means the national organization, and not the local office, facility or
> department in which you work. If you file a request to reconsider
> and also file a civil action, **filing a civil action will terminate the
> administrative processing of your complaint.**

ECF No. 18-5 at 7 (emphasis in original).

On December 22, 2015, ninety-six days after the mailing of the decision, Plaintiff

commenced the instant action.[5] ECF No. 1. Plaintiff filed an Amended Complaint on June 30,

2016. *See* ECF No. 16.

---

[5] Plaintiff's Complaint is dated December 21, 2016, but the filing date stamp noting when the Clerk
received the Complaint, is December 22, 2016. *See Wells v. Apfel*, 103 F. Supp. 2d 893, 897 (W.D. Va.
2000) (complaint was "filed" on the date which it was first received by the clerk's office); *cf. Pledger v.
Fairfax Cty.*, No. 3:13-CV-740-JAG, 2014 WL 2040068, at *2 (E.D. Va. May 16, 2014), *aff'd sub nom.*

Liberally construed, Plaintiff's Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* (ECF No. 16 at 1); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. §§ 12101 *et. seq.* (ECF No. 16 at 1); and the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 701-797 (ECF No. 16 at 1); and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.* (ECF No. 16 at 4). Plaintiff alleges that the Agency failed to provide him with a reasonable accommodation for his panic attacks and depression, and illegally terminated him because he took medical leave. Plaintiff also contends that his employers discriminated against him when two female employees were selected for full-time positions instead of him. Lastly, Plaintiff asserts throughout his employment that he was subject to a hostile work environment.

## II.    ANALYSIS

### A.  Plaintiff's Motion to Strike

Plaintiff moves to strike Defendants' motion to dismiss, arguing Defendants conceded to Plaintiff's amended complaint and Defendants' motion was untimely in moving to dismiss Plaintiff's disability discrimination claims. ECF No. 33 at 1.

Defendants' motion was timely filed and Defendants did not waive any defenses. On June 15, 2016, Defendants' counsel accepted service of Plaintiff's Complaint on behalf of the Defendants, making their response due by August 15, 2016. *See* ECF No. 14; Fed. R. Civ. Pro. 12(a)(2). On June 30, 2016, Plaintiff filed an Amended Complaint. *See* ECF No. 16. A party is permitted to file an amended pleading without leave of the Court 21 days after serving it. *See* Fed. R. Civ. Proc. 15(a)(1)(A). The Defendant must respond to an Amended Complaint "within

---

*Pledger v. Cty.*, 585 F. App'x 156 (4th Cir. 2014) ("It is well established that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline." (quoting *Crawford–Mulley v. Corning Inc.*, 77 F. Supp. 2d 366, 368 (W.D.N.Y. 1999) (collecting cases from five circuit courts of appeal))).

the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. Proc. 15(a)(3). Accordingly, Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment was timely filed on August 15, 2016. *See* ECF No. 18. Further, there is no legal basis to find that Defendants "waived" their defenses. Accordingly, Plaintiff's motion to strike is denied.

## B. Defendants' Motion to Dismiss

Defendants raise several arguments in support of dismissal. Each will be addressed in detail.

### 1. Dismissal of Improper Defendants

Defendants argue that the Department of Defense and the Defense Commissary Agency are improperly included as defendants. "The only proper defendant to a federal-sector employment discrimination action under Title VII, the Rehabilitation Act, or the ADEA is the 'head of the department, agency, or unit . . . .'" *Kim v. Potter*, No. CIV.A DKC 09-2973, 2010 WL 2253656, at *3 (D. Md. June 2, 2010), *aff'd*, 416 F. App'x 297 (4th Cir. 2011) (quoting 42 U.S.C. § 2000e–16(c); 29 U.S.C. § 794a(1)(1); 29 U.S.C. § 633a(b) & (c)); *Quraishi v. Shalala*, 962 F. Supp. 55, 57 (D. Md. 1997); *Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 540 (D. Md. 2015) ("Similarly, although the ADEA does not specifically identify who must be named as proper party defendant, courts have found that the only proper defendant to a federal-sector age discrimination claim under the ADEA is the head of the agency or department." (citing *Ellis v. United States Postal Service*, 784 F.2d 835, 838 (7th Cir. 1986) (finding that although the ADEA does not specify that the head of the agency be named as the proper defendant in an age discrimination case against a federal agency employer, it should be construed consistently with

Title VII and therefore, the only proper party defendant is the head of the agency); *Simmons v. Shalala*, 112 F.3d 510 (4th Cir. 1997) (citing *Ellis* with approval) (unpublished table decision))).

In this case, the only proper defendant is the Secretary of the Department of Defense, Ashton B. Carter. *See Stoyanov v. Mabus*, 126 F. Supp. 3d 531, 540 (D. Md. 2015) (finding Secretary of the Navy only proper defendant) (citing *Norris v. Salazar*, 885 F. Supp. 2d 402, 414 (D.D.C. 2012) (noting that "[t]he Equal Employment Opportunity Act grants federal employees the right to file suit in federal court, but only against the proper defendant" and dismissing an improperly named defendant under rule 12(b)(1) (emphasis in original); *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) (characterizing a statute that limits causes of action to specific defendants as "jurisdictional")). Thus, Defendants Department of Defense and the Defense Commissary Agency are dismissed.

## 2. Plaintiff's ADEA, ADA, and Rehabilitation Act Claims

Defendants assert that Plaintiff's discrimination claims exceed the scope of those preserved in his EEOC charge, thus depriving this Court of subject matter jurisdiction as to those newly asserted grounds for relief. The Court agrees.

Before a plaintiff may file suit in federal court under the Rehabilitation Act, ADA, and ADEA, he must first exhaust his administrative remedies. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 462 (D. Md. 2002) (citing 42 U.S.C. § 2000e–16(c); *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976); *Zografov v. V.A. Medical Center*, 779 F.2d 967, 968–69 (4th Cir. 1985)); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *Sydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Importantly, the scope of the plaintiff's federal causes is circumscribed by the contents of the formal administrative complaint as identified and

investigated by the EEOC. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (internal quotation marks omitted).

Claims in a judicial complaint then can be advanced in this Court where they are "reasonably related" to the EEOC charge and "can be expected to follow from a reasonable administrative investigation." S*ydnor v. Fairfax Cty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). *See also McCray v. Maryland Dep't of Transportation*, 662 F. App'x 221, 223 (4th Cir. 2016); *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 669 (4th Cir. 2015). "The touchstone for exhaustion is whether plaintiff's administrative and judicial claims are 'reasonably related,' . . . not precisely the same . . . ." *Id.* at 595 (citation omitted); *see also Johnson v. SecTek, Inc.*, No. ELH-13-3798, 2015 WL 502963, at *4 (D. Md. Feb. 4, 2015).

The Fourth Circuit has found that the plaintiffs failed to exhaust where the complaint alleged a violation on a forbidden basis (i.e., race or sex) not alleged in any EEOC charge or a kind of liability not alleged in any EEOC charge. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132–33 (4th Cir. 2002) (plaintiff failed to exhaust claim for sex discrimination because EEOC charge alleged only racial discrimination); *Calvert Grp., Ltd.*, 551 F.3d at 301 (plaintiff failed to exhaust claim for racial discrimination because EEOC charge alleged only retaliation).

As made clear by the administrative law judge and the OFO decision, Plaintiff's discrimination claims are confined to the five bases set forth in his EEOC charge that concern gender discrimination and retaliation for his EEO activity: (1) his August 2009 denial of promotion to full-time work; (2) his below-wage-grade pay as compared to his co-workers; (3) his reassignment to other departments in the commissary; (4) inadequate training; and (5) change in work schedule without notice. *See* ECF No. 18-3 at 6 (issue for administrative trial

proceeding), ECF No. 18-4 at 8 (administrative law judge decision), ECF No. 18-5 at 3 (OFO

decision).

By contrast, in his Amended Complaint, Plaintiff avers that the Agency failed to provide

him with a reasonable accommodation and punished him for using medical leave by terminating

his federal employment. ECF No. 16 at 1. Plaintiff also asserts for the first time age

discrimination pursuant to the ADEA. ECF No. 16 at 4. These claims of age and disability

discrimination are not reasonably related to Plaintiff's claims during the administrative

proceedings. *See Sydnor*, 681 F.3d at 593. Because Plaintiff did not exhaust his administrative

remedies with respect to these new claims, this Court lacks jurisdiction to entertain them.

### 3.    Plaintiff's Non-Selection for Position of Computer Assisted Ordering Clerk

Defendants next assert that Plaintiff's claims of non-selection for the position of

Computer Assisted Ordering Clerk are barred by Plaintiff's late contact with the EEOC office.

When beginning an administrative action, an employee must first contact an EEO counselor to

initiate an informal complaint within 45 days of the alleged discrimination or, in the case of

personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1);

*Atkins v. Burwell*, No. JFM-15-2198, 2016 WL 4399304, at *4 (D. Md. Aug. 17, 2016). A

plaintiff's failure to contact the EEO office within the 45-day window requires dismissal of his

like-kind federal claims for failure to exhaust administrative remedies. *Khoury v. Meserve*, 85

Fed. Appx. 960, 960 (4th Cir. 2004) (citing *Zografov v. Veteran's Admin. Med. Ctr.*, 779 F.2d

967, 968–69 (4th Cir. 1985)).

Here, the effective date for the clerk position was September 13, 2009. ECF No. 18-2 at

32. Plaintiff had forty-five days, until October 28, 2009, to initiate contact with the EEO office.

Plaintiff first initiated contact with an EEO counselor on January 7, 2010. ECF No. 18-2 at 32.

Thus, regarding the claims based on his non-selection for the full-time clerk position, Plaintiff's contact with the EEO was untimely.

That said, the administrative law judge and the OFO accepted and ruled on this claim without reaching the issue of its timeliness. *See* ECF No. 18-3 at 6 (issue for administrative trial proceeding), ECF No. 18-4 at 8 (administrative law judge decision), ECF No. 18-5 at 3 (OFO decision).  In fairness, therefore, this Court must determine whether this further adjudication of this otherwise untimely claim constitutes waiver of the 45-day deadline.

The Fourth Circuit Court of Appeals has not addressed this precise issue of waiver. Although courts uniformly agree that the acceptance and investigation of an EEO complaint does not by itself result in a waiver of the timeliness defense, *see Ester v. Principi*, 250 F.3d 1068, 1072 n.1 (7th Cir. 2001), courts have also held that the defense is waived if the agency issued a decision on the merits of the EEO complaint without addressing timeliness, *see id.* at 1071–72; *see also Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997) ("Although agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint, we have suggested that if they not only accept and investigate a complaint, but also decide it on the merits—all without mentioning timeliness—their failure to raise the issue in the administrative process may lead to waiver of the defense when the complainant files suit.") (citations omitted).

Alternatively, the Ninth Circuit Court of Appeals has held that an agency only waives its timeliness defense if the decision is on the merits and the agency finds discrimination. *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) ("The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of

discrimination."). The Fifth Circuit Court of Appeals is the only court to have held that the timeliness defense is not waived unless the agency specifically finds that the plaintiff timely exhausted her administrative remedies. *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992).

Within this circuit, the District of South Carolina has found the *Ester* court's reasoning persuasive.[6] *Johnson v. Vilsack*, No. CA 3:10-3254-MBS-SVH, 2013 WL 1316494, at *9 (D.S.C. Mar. 28, 2013).

The *Johnson* court explained

> By requiring the agency to raise the defense of timeliness in the administrative record, a prospective plaintiff is placed on notice of a potentially fatal procedural defect before she makes the decision to file a lawsuit. Such notice is beneficial both for the parties and the court, insofar as it might discourage the filing of procedurally flawed lawsuits. This consideration, coupled with the background principles of administrative law cited in *Ester*, supports the court's holding that whenever an agency issues a decision on the merits of an EEO complaint without addressing timeliness the agency waives its defense of untimely exhaustion of administrative remedies.

*Id.* at *9. This Court follows suit. Because the administrative law judge and the OFO reached the merits of Plaintiff's non-selection claim without addressing timeliness, the Agency has waived this defense here.

### 4.      Untimely Filing of Plaintiff's Complaint

Despite finding that waiver applies to the non-selection claim, it is a pyrrhic victory of Plaintiff. This is because the untimely filing of Plaintiff's Complaint requires dismissal in its entirety.

---

[6] Several courts of appeals have since followed *Ester* or cited it with approval. *See Mercado v. Ritz-Carlton San Juan*, 410 F.3d 41, 45 (1st Cir. 2005); *Bruce v. U.S. Dept. of Justice*, 314 F.3d 71, 74–75 (2d Cir. 2002); *Kurtz v. McHugh*, 423 F. App'x 572, 582 (6th Cir. 2011); and *Hall v. Dept. of Treasury*, 264 F.3d 1050, 1061 (Fed. Cir. 2001).

Timeliness of Plaintiff's filing in this Court is akin to a statute of limitations defense properly reviewed under Rule 12(b)(6). *See Irwin v. Dept. of Vet. Affairs*, 498 U.S. 89, 94–95 (1990); *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)); *Anderson v. McHugh*, C/A No. 3:10–2137, 2011 WL 2731211, at *1 n.1 (D.S.C. Apr. 22, 2011) (citing *Alexander v. City of Greensboro*, No. 1:09–CV–934, 2011 WL 13857, at *7 (M.D.N.C. Jan. 4, 2011); *Edwards v. Murphy–Brown, L.L.C.*, No. 2:10-CV-165, 2011 WL 124209, at *3–4 (E.D. Va. Jan. 4, 2011)). Where the parties present evidence for the Court's consideration beyond the four corners of the complaint to determine timeliness of Plaintiff's filing, the motion is treated as one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir. 1997); *Hart v. Winter*, No. DKC 2006-1147, 2006 WL 3792609, at *1 (D. Md. Dec. 21, 2006).

On September 17, 2015, the OFO mailed its decision affirming the Agency's Final Order and providing Plaintiff with his right-to-sue notice. *See* ECF No. 18-5 at 9. Plaintiff then had 90 days after receipt of this notice to file his civil action. But contrary to Defendants' assertion, the three-day presumption of receipt does not apply here. The certificate of mailing attached to the right to sue states that the EEOC "will presume that [its] decision was received within five (5) calendar days after it was mailed." ECF No. 18-5 at 9. Thus, the Court will likewise presume the Plaintiff received the right-to-sue letter on September 22, 2015. *See Tubby v. Donahoe*, No. 1:13CV363, 2015 WL 413787, at *4 (M.D.N.C. Jan. 30, 2015) (applying the five- day presumption where the certificate of mailing includes this language); *Washington v. White*, 231 F. Supp. 2d 71, 75 (D.D.C. 2002) (same); *Ruiz v. Vilsack*, 763 F. Supp. 2d at 171 (same); *cf. Nkengfack v. Am. Ass'n of Retired Persons*, 818 F. Supp. 2d 178, 181 (D.D.C. 2011) (applying a five-day presumption "in light of the five-day notice periods applied in *Ruiz* and *Washington*,

and considering the plaintiff's pro se status"). Ninety days from September 22, 2015 is December 21, 2015. However, Plaintiff commenced the instant action on December 22, 2015, ECF No. 1 at 1. Thus his filing was untimely. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding suit filed ninety-one days after notice untimely); *Dixon v. Digital Equip. Corp.*, 976 F.2d 725 (4th Cir. 1992) (unpublished table) (ninety-one days); *Roberson v. Bowie State Univ.*, 899 F. Supp. 235, 238 (D. Md. 1995) (ninety-one days); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404, 1411 (E.D. Va. 1992) (ninety-two days); *Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 719 (W.D. Va. 2009), *aff'd*, 330 F. App'x 39 (4th Cir. 2009) (ninety-four days); *Hart v. Winter*, No. DKC 2006-1147, 2006 WL 3792609, at *1 (D. Md. Dec. 21, 2006) (ninety-four days); *Watts–Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993) (ninety-five days); *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 851 (E.D. Va. 2007) (ninety-seven days).

Because the 90-day filing requirement is not jurisdictional, "it is subject to waiver, estoppel, and equitable tolling." *Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (quoting *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). Even a *pro se* plaintiff must provide some factual basis to justify equitable tolling. *Ugbo*, 480 F. Supp. 2d at 853 (citing *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 280–81 (4th Cir. 2000)) (equitable tolling inappropriate where claimant fails to exercise due diligence to preserve rights). But Plaintiff here has provided none. Plaintiff's Complaint, therefore, must be dismissed as untimely.

### III.    CONCLUSION

In sum, the Court dismisses Defendants Department of Defense and the Defense Commissary Agency as improper defendants. Additionally, those claims which exceed the scope

of the EEOC charge are dismissed for failure to meet exhaustion requirements. Finally,

Plaintiff's untimely filing of his Complaint warrants dismissal of the action in its entirety.

Accordingly, Defendants' motion shall be granted. A separate order will follow.


3/6/2017                                                              /S/
Date                                               Paula Xinis
                                                   United States District Judge